[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12031
Non-Argument Calendar
_____

Agency No. A205-375-768


YUNIOR LOPEZ-PINEDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 13, 2017)

Before ED CARNES, Chief Judge, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

In June 2012 the Department of Homeland Security charged Yunior Lopez-Pineda, a citizen of Guatemala, with being removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of his application for admission, was not in possession of a valid entry or travel document.  Through counsel, Lopez-Pineda filed an application for withholding of removal and for protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment.[1]  In November 2014 an Immigration Judge denied his applications for relief and ordered him removed to Guatemala.  The Board of Immigration Appeals affirmed the IJ's order and denied Lopez-Pineda's motion to remand.  Lopez-Pineda now petitions for review of the BIA's decision.

## I.

Lopez-Pineda contends that the BIA's conclusion that he was not eligible for withholding of removal was not supported by substantial evidence.  He argues that the BIA failed to consider that he is subject to persecution because he belongs to a "particular social group" comprised of young "indigenous business entrepreneurs."

"In a petition for review of a BIA decision, we review conclusions of law de novo and factual determinations under the substantial evidence test."  Gonzalez v. U.S. Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016).  Under the highly

---

[1] Because he filed his application more than one year after arriving in the United States, Lopez-Pineda conceded that he was not eligible for asylum.  See 8 C.F.R. § 208.4(a).

deferential substantial evidence test, "we view the record evidence in the light most favorable to the [BIA's] decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc). We must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004) (quotation marks omitted); see Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) ("To reverse the [BIA's] fact findings, we must find that the record not only supports reversal, but compels it."). In this case, "we review only the BIA's decision because the BIA did not expressly adopt the IJ's opinion or reasoning." Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009).

To qualify for withholding of removal, a petitioner must establish that his "life or freedom would be threatened" in his country because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); see Rodriguez v. U.S. Att'y Gen., 735 F.3d 1302, 1308 (11th Cir. 2013) ("The applicant must demonstrate that he would more likely than not be persecuted upon being returned to his country of origin."). A petitioner may satisfy his burden of proof by showing either "(1) past persecution in his country based on a protected ground, in which case a rebuttable presumption is created that his life or freedom would be threatened if he returned to his country; or (2) a future

3

threat to his life or freedom on a protected ground in his country." <u>Delgado v. U.S.</u>

<u>Att'y Gen.</u>, 487 F.3d 855, 861 (11th Cir. 2007) (quotation marks omitted).

Persecution is an "extreme concept" that "requires more than a few isolated

incidents of verbal harassment or intimidation, unaccompanied by any physical

punishment, infliction of harm, or significant deprivation of liberty." <u>Shi v. U.S.</u>

<u>Att'y Gen.</u>, 707 F.3d 1231, 1235 (11th Cir. 2013).   In determining whether an

alien has suffered past persecution, the factfinder must consider the cumulative

effect of the alleged acts.  <u>Delgado</u>, 487 F.3d at 861.  The statute governing

withholding of removal protects "not only against persecution by government

forces, but also against persecution by non-governmental groups that the

government cannot control." <u>Ruiz v. U.S. Att'y Gen.</u>, 440 F.3d 1247, 1257 (11th

Cir. 2006).  However, evidence that is consistent with acts of private violence or

shows that the petitioner has been the victim of criminal activity does not, on its

own, constitute evidence of persecution based on a statutorily protected ground.

<u>Id.</u> at 1258.

Even assuming that a "particular social group" of indigenous entrepreneurs

exists and Lopez-Pineda falls within that group, the record does not compel the

conclusion that he suffered past persecution based on a protected ground.

<u>Mendoza</u>, 327 F.3d at 1287.  The evidence shows that three or four gang members

approached Lopez-Pineda on five different occasions and demanded money from

4

him.  They never physically attacked him or used any weapons against him, but he could see that they had knives.  He gave them money the first two times but had no money to give them when they approached him the other three times.  After the last encounter, the gang members threatened to kill him if he didn't pay them within 24 hours.  Lopez-Pineda fled Guatemala three weeks later.  The gang members did not harass or attack his family before or after he fled the country.

The gang members' actions, considered cumulatively, do not amount to persecution based on a protected ground.  According to Lopez-Pineda's own testimony, the gang members confronted him because they knew he ran a successful business and had a significant amount of money on him so that he could buy repair parts — not because he was a member of an indigenous entrepreneur group.  Evidence that one is a victim of criminal activity is not evidence of persecution based on a statutorily protected ground.  Ruiz, 440 F.3d at 1258.  The BIA considered whether Lopez-Pineda was a member of a "particular social group" and concluded that, even if he were, the evidence showed "the central reason the criminal street gang targeted [him] was due to its criminal intent to extort him of the money he earned from his business repairing and installing electronics."  As a result, although the evidence shows that gang members held up Lopez-Pineda, substantial evidence supports the BIA's determination that he had

5

not suffered past persecution based on protected ground.  See Rodriguez, 735 F.3d at 1308.

Because Lopez-Pineda did not show past persecution, it was still his burden to show "a future threat to his life or freedom on a protected ground in his country."  Delgado, 487 F.3d at 861.  An applicant who has not shown past persecution "cannot demonstrate that his or her life or freedom would be threatened if the [IJ] finds that the applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so."  8 C.F.R. § 208.16(b)(2).  It is the petitioner's burden to show "that it would not be reasonable for him . . . to relocate" within the particular country.  Id. § 208.16(b)(3)(i).

Substantial evidence supports the BIA's determination that Lopez-Pineda could relocate within Guatemala to avoid any potential future threat to his life or freedom.  The record shows that Lopez-Pineda completed his bachelor's degree in electronic engineering and electricity, was an honor roll student, and successfully owned and operated an electronic repair workshop out of his home.  He is young, healthy, educated, and hardworking.  See id. § 208.16(b)(3) (listing factors to consider in determining the reasonableness of relocations).

6

Although Lopez-Pineda submitted articles suggesting that discrimination against indigenous people exists across Guatemala, that evidence is not enough to show a "future threat to his life or freedom" because he is an indigenous entrepreneur.  Lopez-Pineda never identified the ethnicities of the gang members who accosted him or provided evidence that his status as an indigenous entrepreneur played a role in the gang members' motivation.  Instead, the evidence showed that they targeted him because he had money, and there is no evidence suggesting that he would face a future threat to his life or freedom in other parts of Guatemala from those or other gang members.  As a result, Lopez-Pineda did not demonstrate that he more likely than not would be persecuted on a protected ground if forced to return to Guatemala.  Mendoza, 327 F.3d at 1287.  Substantial evidence supports the BIA's denial of withholding of removal.

## II.

Lopez-Pineda also contends that that the BIA abused its discretion in denying his motion to remand because he provided new evidence that was material and would likely change the outcome of his case.

"[I]f a motion to remand seeks to introduce evidence that has not previously been presented, it is generally treated as a motion to reopen . . . ."  Najjar v. Ashcroft, 257 F.3d 1262, 1301 (11th Cir. 2001).  We review for abuse of discretion the denial of a motion to reopen.  Zhang, 572 F.3d at 1319.  "The moving party

7

bears a heavy burden," and our review is limited to determining whether the BIA exercised its discretion "in an arbitrary or capricious manner." Id.

A motion to reopen must state the "new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id. The alien must show that the "new evidence offered would likely change the result in the case." Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006) (quotation marks omitted).

As the movant, Lopez-Pineda bore the "heavy burden" of proving that the BIA abused its discretion in denying his motion to reopen. Lopez-Pineda points to a report and four articles that he submitted to the BIA documenting the history of the"[p]ersecution of indigenous people in Guatemala." Except for one article, all of the documents predate the IJ's decision, and Lopez-Pineda does not explain how that evidence "was not available and could not have been discovered or presented at the former hearing." See 8 C.F.R. § 1003.2(c)(1). The article dated after the IJ's decision discusses the arrest of an indigenous activist who "was denouncing human rights violations" and "defending the natural resources of [indigenous] communities." But Lopez-Pineda fails to connect that arrest to the likelihood that

8

he would be persecuted if he returns to Guatemala.  Because Lopez-Pineda did not offer any new evidence "likely [to] change the result in [his] case," <u>Ali</u>, 443 F.3d at 813, the BIA did not abuse its discretion in denying his motion to reopen.[2]

    **PETITION DENIED.**

---

[2] In his brief to this Court, Lopez-Pineda made only passing references to the denial of his claim for protection under the CAT.  As a result, he has abandoned that claim, and we do not consider it.  <u>See</u> <u>Sapuppo v. Allstate Floridian Ins. Co.</u>, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").